## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 04-58-C**

**UNITED STATES OF AMERICA,**                                                                      **PLAINTIFF,**

**V.**           **MEMORANDUM OPINION AND ORDER**

**JOHN DAVID MORGAN,**                                                                       **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion to amend judgment *nunc pro tunc* and request for hearing (DE 69). The court, having reviewed the record and being otherwise sufficiently advised, will deny the defendant's motion but will recommend that the Bureau of Prisons make an appropriate retroactive designation.

On March 7, 2004, an unloaded firearm and ammunition were discovered in checked airline baggage belonging to the defendant. The defendant was later indicted for the offense of being a felon in possession of a firearm and was arrested on August 18, 2004. He was released the next day on an unsecured $25,000 bond.

On November 9, 2004, law enforcement officers arrested the defendant and charged him with domestic assault following a fight with his girlfriend, and his federal bond was then revoked. The defendant's girlfriend was a potential witness in his federal felon-in-possession trial, and, on November 17, 2004, the government returned a superseding indictment in this action charging the defendant with

attempted murder of a federal witness.

On June 9, 2005, the defendant entered a plea of guilty to the federal felon-in-possession charge pursuant to a plea agreement with the government. The government dismissed the attempted-murder-of-a-federal-witness charge on September 8, 2005, and this court sentenced the defendant to forty months in prison on the felon-in-possession charge on the same day. Since the defendant had yet to be sentenced in Kentucky state court on his domestic assault charge, this court omitted any reference as to whether this sentence was to run concurrently with his yet-to-be imposed state sentence.

On December 6, 2005, the Commonwealth of Kentucky sentenced the defendant to a term of thirty months in prison for the domestic assault charge. The sentencing court also specifically ordered that this sentence run concurrently with the defendant's federal sentence. On January 20, 2006, the United States Marshals Service returned the defendant to the custody of the Commonwealth of Kentucky, which then transferred him to the Eastern Kentucky Correctional Complex on January 30, 2006, to serve out his state sentence. The defendant was released by the Commonwealth on June 7, 2006, and again taken into federal custody. He was eventually sent to FCI Gilmer, where he is currently incarcerated. According to the defendant, the Bureau of Prisons ("BOP") deems his federal sentence to have commenced on June 7, 2006, when he was released from the custody of the Commonwealth of Kentucky. The BOP apparently did not award

him credit toward his federal sentence based on the time he spent in federal and state custody prior to the time he completed his state sentence.

The defendant now moves this court, pursuant to Fed. R. Crim. P. 36, to amend its judgment *nunc pro tunc* to provide for the defendant's forty-month federal sentence to run concurrently with his thirty-month state sentence. Rule 36 grants a sentencing court discretion only to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." A clerical error is not one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or secretary might commit, mechanical in nature. *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). The type of relief requested by the defendant is a substantive change in his sentence; his request therefore falls outside the boundaries of Rule 36. Indeed, the Sixth Circuit and other federal Courts of Appeals have recognized that district courts are not permitted to grant the remedy that the defendant now seeks. *See United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (holding that request to have sentence corrected to require that it run concurrently with another was "not within the ambit of Rule 36"); *Barden v. Keohane*, 921 F.2d 476, 483-84 (3d Cir. 1991) ("[T]he sentencing court not only was unable to order concurrency because it sentenced Barden before the state did but was actually powerless to do so."). Rather, it is the BOP that has the authority to order concurrency *nunc pro tunc*, not this court. *See McCarthy v. Doe*, 146 F.3d 118, 121-22 (2d Cir. 1998);

*Barden*, 921 F.2d at 483. Therefore, the court will deny the defendant's motion and remand this matter to the BOP to determine whether the defendant's federal sentence should be made to run concurrently with his state sentence.

Though this court may not amend the defendant's sentence, it may make a non-binding recommendation to the BOP regarding the place of confinement for a federal sentence. *See* 18 U.S.C. § 3621(b)(4). In this case, the United States Probation Office has informed the court that, had the defendant's state sentence been imposed before his federal sentence, it would have recommended that the federal sentence run concurrently with the state sentence. The court agrees with that recommendation. Therefore, the court will recommend to the BOP that it designate the Kentucky Department of Corrections as the place of confinement for the defendant's federal sentence and thereby grant his request for a concurrent designation. Accordingly,

**IT IS ORDERED** that the defendant's motion (DE 69) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the BOP to determine whether the defendant's federal sentence should be made to run concurrently with his state sentence.

**IT IS FURTHER ORDERED** that the Clerk shall enter into the record the court's letter to the BOP dated May 31, 2007, recommending that the Kentucky Department of Corrections be designated as the place of confinement for the defendant's federal sentence.

Signed on  May 31, 2007

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**