## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE


**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**VS.**                                    **CRIMINAL ACTION NO:   3:04CR-58-C**

**JOHN DAVID MORGAN**                                    **DEFENDANT**


## REPORT AND RECOMMENDATION


This matter came before the Magistrate Judge for a revocation hearing on July 31, 2008 regarding a petition for alleged violations of supervised release filed by the United States Probation Office (DN 87).   There appeared James Barr, Assistant United States Attorney, and  the defendant, John David Morgan, in person, with Scott Wendelsdorf, Federal Defender.

The allegation in the petition sets forth a violation of a standard condition of the defendant's supervised release, which began on October 3, 2007, as set forth below:

> 1.  On June 23, 2008 and until June 24, 2008, the defendant ingested alcohol, which is a violation of standard condition of his supervision.

At the final hearing before the undersigned on July 31, 2008, the defendant , through counsel, admitted to the violation set forth in the petition, and did not waive his right to allocution before the District Court.

## RECOMMENDATION


After hearing argument of counsel, by agreement, and for the reasons stated on the record, the undersigned Magistrate Judge makes a recommendation to the District Court that the

defendant's term of supervised release should not be revoked based on his violation conduct, but that the **conditions of his supervised release be modified** as set forth below:

## CONCLUSION

The undersigned Magistrate Judge recommends to the District Court that the defendant's **term of supervised release be modified** to include a condition that the defendant be placed in, and successfully complete, a transitional residential substance abuse treatment program located at the Shepherd's House, 154 Bonnie Brae Drive, Lexington, Kentucky 40508 **for a period of one year**.  The defendant shall remain in custody pending the availability of a bed at the facility.  It is anticipated that a bed will be available within the next sixty (60) days.  When space is available in the program, United States Probation Office Joel N. Cotton will notify the Court, through the Office of the Federal Defender, to arrange for the defendant's release and method of transportation to the facility.  In the event the defendant fails to abide by the rules and regulations of the facility once he is placed, or is terminated from the program altogether, the Office of the Federal Defender or the United States Probation Officer shall immediately notify the Court.  All other terms and conditions of the defendant's supervised release previously imposed in this case shall remain in full force and effect.

While the conduct of the defendant would fully justify revocation, the Magistrate Judge would recommend the re-imposition of supervised release following the period of confinement. Given the defendant's alcohol abuse problems, the Magistrate Judge is of the view (shared by the United States Probation Office, the United States and defense counsel) that revocation without a concerted effort at alcohol rehabilitation and treatment would simply bring the same problem back before the Court.  While a failure by the defendant to comply with the in-patient program will

almost certainly bring revocation, the Magistrate Judge believes that to do so at the present is premature and very possibly ineffective.

This 5th day of August, 2008.

Copies to:
United States Attorney
United States Marshal
Chief U.S. Probation Officer
Counsel for Defendant
| 0 | 15 |